NO. 7857.

JOSEPH REEZO, ET AL.

VS

N. O. RAILWAY & LIGHT CO, ET AL.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

Note: This opinion, agreed to by the judges, was however not handed down, the case having been compromised and the appeal discontinued. It is placed here as memorandum only.

See above

# OPINION.

By his Honor John St. Paul.

Joseph Rizzo and Germain Hountha, Members of the Fire Department, were injured whilst responding to a fire alarm by reason of the apparatus on which they were riding having collided with a street car. Hountha was bruised about the right hand and body, and was detained at home eleven days; Rizzo suffered contusions of his right foot, left elbow and back, and was detained at home eighteen days. The trial judge allowed the former $125 and the latter $200; and defendant's have appealed.

The facts of the case appear to us to be as follows; About three o'clock in the morning a water tower, drawn by three horses abreast and keeping to the right, rushed up the street with headlights burning brightly and gong clanging loudly. Arrived at a cross street, the tower turned out to the left and in doing so swung across the path of an approaching car. Before the tower cleared the track it was struck by the oncoming car and partly demolished.

The evidence is conclusive that the on rushing tower was visible and audible more than a block away (say 300 feet or more); that the cross street is more than 90 feet wide; that the tower started to make the turn about 30 or 40 feet below the cross street, the car being then from 50 to 100 feet above the street and approaching at full speed; that

the collision occurred about the middle of the cross street; and that the motorman made no effort to get his car under control at least until the tower started to turn.

There is some conflict of testimony as to when (if at all) the motorman started to check his car, but that may be disposed of by accepting his own testimony that although he saw the approaching vehicle he did not recognize it as an apparatus belonging to the fire department until the moment when it started to turn, whereupon he then attempted to check the car but could not do so in time.

But there was no excuse for the motorman's alleged failure to recognize the apparatus; with its three horses abreast and loud jarring gong, *it* could be nothing else; and it was the motorman's duty to recognize it at once. Thereupon he had but one thing to do, i. e. "stop his car immediately", as he himself says.

The truth is that he could not have kept a proper lookout, for even on the trial of the case he did not know that the apparatus with which he collided was drawn by three horses but thought there were only two.

In Boylan vs Railway Co, 139 La 185 (190) it was held that it was the duty of a motorman to inform himself of the location of fire engine houses along and even near the line

on which his car is operated.

A fortiori therefore he should know and recognize
the apparatus of the fire department when he sees it. And
we have no hesitation in holding that it is the duty of any
one undertaking to drive a vehicle upon the public streets
to know and recognize at once the apparatus of the fire
department and be ready to yield the right of way as soon
as it appears.

And so when the apparatus of the fire department
appears upon the streets responding to an alarm all other
vehicles should draw out of the way, and street cars (which
can not leave their track) should at once come to a standstill,
or at least be brought under full control. See Dole vs Railway
Co, 121 La 945.

We therefore think that defendants are liable; and
that the damages allowed are very conservative.

The judgments appealed from are therefore affirmed.

Judgment Affirmed.